**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SERGEY SHTERN, A# 216 903 969,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-02012-OLG** |
| | § | |
| **DIRECTOR, U.S. Department of Homeland Security, ET AL.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Sergey Shtern's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. No. 1). Respondents have responded, and Petitioner has replied. (Dkt. Nos. 7, 8, 12). After careful consideration, the Court will grant the Petition for the reasons below.[1]

---

[1] The Court is aware of the Fifth Circuit's July 21, 2026 Order granting the government's request to "issue a precedential order staying the district courts' judgments pending en banc review" of the panel's now-vacated opinion holding that certain applicants for admission can only be mandatorily detained for 90 days under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing. *Sosnava Rodriguez v. Ortega*, No. 26-50183, Dkt. No. 178-1 at 13 (5th Cir. July 10, 2026); *see Sosnava Rodriguez v. Ortega*, --- F.4th ---, 2026 WL 2104747 (5th Cir. July 21, 2026) (en banc). After careful consideration, the Court finds that the interim stay order does not prohibit its continued resolution of the hundreds of pending immigration habeas petitions on due process grounds.

First, the Fifth Circuit only stayed the three judgments before it on appeal pending its ultimate determination on the merits of the due process issue. *Id.* "Such an order 'does not make or signal any change to the law' and 'is not a ruling on the merits.'" *Estrada v. Ybarra*, No. 26-CV-1897-KC, 2026 WL 2168090, at *1 (W.D. Tex. July 28, 2026) (quoting *Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) (citation modified)). Second, insofar as the interim stay order is precedential, it "was issued without any explanation [or] analysis whatsoever," making it impossible to determine its meaning and scope. *Estrada*, 2026 WL 2168090, at *1–2; *see also Camacho v. Dep't of Homeland Sec.*, No. 26-CV-01717-DB, 2026 WL 2137156, at *3 (W.D. Tex. July 24, 2026) (declining "to infer directives of constitutional magnitude from the Fifth Circuit where none have been given").

Moreover, prompt resolution is contemplated by the nature of the writ of habeas corpus, which "must not be allowed to founder in a procedural morass." *Harris v. Nelson*, 394 U.S. 286, 291 (1969) (citation modified); *see* 28 U.S.C. § 2243 ("A court ... entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." (emphasis added)). The notion that district courts must now stay all action across the hundreds of habeas proceedings challenging mandatory detention under § 1225(b)(2)(A) is untenable.

As such, the Court will proceed with its resolution of such challenges "until told to do otherwise." *Estrada*, 2026 WL 2168090, at *2 (citation modified) (collecting cases).

## I. BACKGROUND

Based on the record, Petitioner is a citizen of Russia who applied for admission to the United States at a port of entry in May 2021. (Dkt. Nos. 1; 7, Exs. A, B; 8; 12). Petitioner was issued a Notice to Appear—which charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as "an immigrant who, at the time of application for admission, is not in possession of a valid ... entry document"—and then released into the United States. (Dkt. No. 7, Ex. A; 8; 12). He was re-arrested by ICE on April 2, 2024, and is presently being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings under § 1229a.[2] (Dkt. Nos. 1; 7, Ex. B; 12).

Petitioner initiated this action on March 23, 2026. (Dkt. No. 1). Liberally construing the Petition as required given Petitioner's *pro se* status, the Court finds he is seeking an order compelling his release on the ground that his continued detention is inconsistent with his right to due process. (*Id.*); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding pleadings by *pro se* litigants must be construed liberally); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (same).

## II. JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

[2] Although Petitioner was ordered removed to Russia on October 9, 2024, he timely appealed the removal order to the Board of Immigration Appeals (BIA). (Dkt. Nos. 4; 7, Exs. C, D). The BIA remanded the matter to the immigration court because part of the hearing transcript was missing. (Dkt. No. 7). After a hearing to "capture" the missing testimony, the matter was returned to the BIA. (*Id.*). Thus, Petitioner's removal order is not yet administratively final. *see* 8 C.F.R. § 1241.1 (providing that an order of removal becomes final upon the "dismissal of an appeal by the Board of Immigration Appeals"). Once an order of removal becomes administratively final, the Government has 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. 25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 (N.D. Tex. 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III. DISCUSSION

Petitioner challenges his detention under the Due Process Clause of the Fifth Amendment. As the petitioner, he bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in

nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts ... and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243). As noted above, Petitioner argues his continued detention violates his due process rights. (Dkt. No. 1). The Court agrees.

"Noncitizens are entitled to due process of the law under the Fifth Amendment." *Ochoa v. Vergara*, 821 F. Supp. 3d. 680, 683 (W.D. Tex. 2026) (citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025)). "[G]overnment detention violates th[e Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections ... or, in certain special and narrow nonpunitive circumstances, ... where a special justification ... outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Accordingly, if Petitioner has a constitutionally protected liberty interest in residing freely within the United States despite his status as an applicant for admission, then Respondents may not detain him during the pendency of his removal proceedings—notwithstanding the applicable mandatory detention provision in § 1225(b)—unless Respondents' "special justification" for doing so "outweighs" his liberty interest. *See id.*

Petitioner has a constitutionally protected liberty interest in residing freely within the United States during the pendency of his removal proceedings because he "has lived in the United States for over [five] years, with [almost three] of those years occurring with the express permission of DHS while he was subject to supervised release pending the resolution of his removal proceedings." *Bonilla Chicas v. Warden*, 821 F. Supp. 3d. 782, 793 (S.D. Tex. 2026); *see Marceau v. Noem*, No. 26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) ("[A] person may obtain a liberty interest through their presence in the country, particularly where that

presence is with the express permission of the Government." (citing *Lopez-Arevelo*, 801 F. Supp. 3d at 685–86)). His "interest in being free from imprisonment" is "the most significant liberty interest there is." *Bonilla Chicas*, 821 F. Supp. 3d. at 798 (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). Indeed, "liberty from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause." *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). Thus, not only does this factor clearly weigh in Petitioner's favor, but it "deserves great weight and gravity." *Ochoa*, 821 F. Supp. 3d. at 683 (quoting *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 701 (W.D. Tex. 2025)). Accordingly, Respondents' "special justification" must "outweigh" Petitioner's very weighty liberty interest. *See Zadvydas*, 533 U.S. at 690.

Although the Government has a general interest in enforcing immigration laws, the INA is subservient to the Constitution's protections. *See, e.g.*, *Counselman v. Hitchcock*, 142 U.S. 547, 565 (1892) ("Legislation cannot detract from the privilege afforded by the constitution."), *overruled on other grounds by Kastigar v. United States*, 406 U.S. 441 (1972). Of course, "the Government has an interest in detaining noncitizens who pose a flight risk or a danger to the community." *Bonilla Chicas*, 821 F. Supp. 3d. at 798. But if Petitioner poses neither, then restoring his liberty during the pendency of his removal proceedings would in no way diminish the Government's "power to admit or exclude aliens." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020). And yet, § 1225(b)'s mandatory detention provision requires that Petitioner—and, indeed, all applicants for admission—be detained irrespective of whether he poses a danger or flight risk. The Court recognizes that some applicants for admission may present such risks, and, in those cases, the mandatory detention provision would have correctly resulted in their detention throughout removal proceedings. But mandatorily detaining *every* applicant for

admission—including Petitioner—without any hearing or other individualized assessment of whether they pose any risk that would outweigh their liberty interest creates "a very high risk of erroneous deprivation of liberty." *Bonilla Chicas*, 821 F. Supp. 3d. at 798.

Based on the foregoing, Petitioner's due process rights have been violated, and that violation "cannot be mitigated through a post-deprivation hearing." *Id.* Rather, "the need for an individualized determination of whether detention is warranted *at the time of arrest* is required to protect Petitioner's liberty interest." *Id.* (emphasis added). In short, "the Due Process Clause of the Fifth Amendment guarantees [Petitioner] adequate notice of the intent to revoke his prior release, an individualized assessment of his flight risk and dangerousness, and an opportunity to respond at a hearing before his re-detention by ICE." *Id.*

Turning to relief, in habeas cases where the Court finds detention unlawful, "the typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "In recent months, courts across the country have ordered the release of detainees in similar situations." *Ochoa*, 821 F. Supp. 3d. at 686 (collecting cases).[3] The Court agrees and will order Petitioner's immediate release. *See id.*; *Bonilla Chicas*, 821 F. Supp. 3d. at 799.

---

[3] *See Sanchez*, 2026 WL 596133, at *8 (granting relief, post-*Buenrostro-Mendez*, in habeas case brought by petitioner who entered without inspection in 1996 and arrested and mandatorily detained for the first time in 2025); *Hassen v. Noem*, No. 26-CV-48-DB, 2026 WL 446506, at *1–2 (W.D. Tex. Feb. 9, 2026) (citing *Vieira*, 806 F. Supp. 3d 690) (same, in habeas case brought by petitioner who initially presented at a port of entry, was placed in expedited removal proceedings and detained pending a credible fear interview, and was ultimately granted humanitarian parole under § 1182(d)(5)(A)); *Lopez-Arevelo*, 801 F. Supp. 3d at 674, 685–88 (granting habeas relief on procedural due process grounds to petitioner who had previously been detained upon entry and then paroled into the country); *Parada-Hernandez v. Johnson*, No. 25-CV-2729-K-BN, 2025 WL 3465958, at *1, 3–6 (N.D. Tex. Oct. 29, 2025) (same, in habeas case brought by petitioner who had previously been released under an ORR and finding that denial of a bond hearing based on application of § 1225(b)(2) violated procedural due process), *report and recommendation adopted*, No. 25-CV-2729-K-BN, 2025 WL 3463682 (N.D. Tex. Dec. 2, 2025); *Hernandez-Fernandez*, 2025 WL 2976923, at *1, 8–10 (same); *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. 25-CV-470-KC, 2025 WL 3123828, at *1, 3–5 (W.D. Tex. Nov. 7, 2025) (same, in habeas case brought by petitioner who entered without inspection, was apprehended years later, applied for asylum, and then was paroled into the country); *Santiago v. Noem*, No. 25-CV-361-KC, 2025 WL 2792588, at *1, 6–14 (W.D. Tex. Oct. 2, 2025) (same, in habeas case brought by petitioner who had protection from deportation under DACA); *Vieira*, 806 F. Supp. 3d at 700–01 (same, in habeas case brought by petitioner who was apprehended upon entry and then released under an ORR); *see also Clemente Ceballos v. Garite*, No. 26-CV-312-DB, 2026 WL 446509, at *2 (W.D. Tex. Feb. 10, 2026) (finding due process violation as applied to alien who entered without inspection in 2004 and had never been paroled or otherwise released into the country by

## IV. CONCLUSION

Based on the foregoing, *pro se* Petitioner Sergey Shtern's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED** as follows:

1. Respondents must release Petitioner **Sergey Shtern** (A# 216 903 969) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place on or before **Tuesday, September 1, 2026**; and

2. Respondents must file a status report **within two days thereafter** confirming that Petitioner has been released under conditions of release no more restrictive than those in place before the detention at issue in this case.

Finally, Petitioner's Emergency Request for a Ruling on Pending Habeas Petition (Dkt. No. 13) **DISMISSED AS MOOT**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on August 28, 2026.

ORLANDO L. GARCIA
United States District Judge

DHS prior to his first encounter with, and resulting detention by, ICE in 2026); *cf. Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (finding that mandatory detention under § 1226(c) violated due process as applied to alien whose detention pending removal had become unreasonably prolonged).